{¶ 36} I concur with the majority decision to affirm Atkins-Boozer's sentence, but respectfully dissent from the analysis that certain provisions of Senate Bill 2 are unaffected by the United States Supreme Court's decisions in Blakely and Booker. This Court is simultaneously releasing State v. Lett, Cuyahoga App. Nos. 84707 and 84729, in which I dissented on similar grounds that I incorporate here.
 {¶ 37} The majority defines the "statutory maximum" solely with reference to the basic prison sentences set forth in 2929.14(A). The majority reasons that offenders are aware of the basic ranges ("from the point of indictment") and, therefore, no Sixth Amendment rights are implicated when the statutory scheme prevents a trial judge from enhancing a sentence within those ranges without first making specific findings. Yet, in Blakely, the offender also knew from the "point of indictment" that his offense, a Class B felony, was punishable by a maximum term of 10 years. The United States Supreme Court rejected the notion that Blakely's sentence comported with the Sixth Amendment because it fell within the general range (10 years) allowed by the State law.[3]
 {¶ 38} Again, in United States v. Booker (2005), 543 U.S. ___,125 S.Ct. 738, the Court reiterated its rejection of "the State's argument that the jury verdict was sufficient to authorize a sentence within the general 10-year sentence for [Blakely's offense], noting that under Washington law, the judge was required to find additional facts in order to impose the greater 90-month sentence." (Emphasis in the original). There is no substantive distinction (for Sixth Amendment purposes) between the judicial fact-finding of Washington State law necessary to enhance a sentence beyond the "recommended range" and the judicial factfinding of R.C. 2929.14(B) necessary to enhance an offender's sentence beyond the minimum prison term under Ohio law.
 {¶ 39} The gist of the Sixth Amendment concern is a defendant's right to have all facts affecting sentencing proven and determined by a jury. The greatest prison term Atkins-Boozer could have possibly received as a result of the facts determined by the jury was one year. In other words, the statutory findings of R.C. 2929.14(B) are a prerequisite to imposition of any sentence greater than one year; if the trial court had imposed a longer sentence without making any additional findings, we would be compelled to reverse. R.C. 2953.08(G).
 {¶ 40} Because R.C. 2929.14(B) required the judge to find additional facts in order to impose more than a one-year prison term on Atkins-Boozer, the rationale of Blakely applies and the defendant's Sixth Amendment rights are implicated by those sentence-enhancing findings. "Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Comer, 99 Ohio St.3d 463, paragraph 2 of the syllabus (emphasis added). The "statutory maximum," as defined by Blakely, must be ascertained with reference to Senate Bill 2 as a whole and not one isolated provision of it. State v. Comer,99 Ohio St.3d 463, 476, 2003-Ohio-4165 ("the individual provisions of the sentencing scheme may not be read alone.")
 {¶ 41} The majority also maintains that Blakely and Booker should be distinguished from Ohio law on the theory that the judicial fact-findings of those cases were more capable of indictment than the statutory findings required under Senate Bill 2. The Sixth Amendment violation is not the result of the nature of the findings (i.e., "subjective" or "objective") nor the ability to charge them in an indictment. The Sixth Amendment violation arises from the statutory prohibition to increase a sentence without making the additional findings. Whether something is capable of indictment or too vague for jury determination may very well raise other constitutional concerns. This, however, does not alleviate a Sixth Amendment violation that arises from the denial of an offender's right to have sentence-enhancing facts determined by a jury.
 {¶ 42} For these reasons and those set forth in my opinion in Lett, I would declare the judicial findings of R.C. 2929.14(B), that are required as a prerequisite to enhance an offender's sentence beyond a minimum prison term, unconstitutional under the authority of Blakely and Booker.
Being in the minority of this Court, it is unnecessary to elaborate on what the ramifications would be had these provisions been deemed unconstitutional.
[3] Blakely pled guilty to second-degree kidnapping. "Washington's Sentencing Reform Act specifies, for [Blakely's] offense of second-degree kidnapping with a firearm a `standard range' of 49-53 months. [citations omitted]." Blakely supra. "In Washington, second-degree kidnapping is a class B felony. State law provides that `[n]o person convicted of a [Class B] felony shall be punished by confinement * * * exceeding * * * a term of ten years.'" Id. "A judge may impose a sentence above the standard range if he finds `substantial and compelling reasons justifying an exceptional sentence * * *.' The Act lists aggravating factors that justify such a departure, which it recites to be illustrative rather than exhaustive * * *. When a judge imposes an exceptional sentence he must set forth findings of fact and conclusions of law supporting it * * *. A reviewing court will reverse the sentence if it finds that `under a clearly erroneous standard there is insufficient evidence in the record to support the reasons for imposing an exceptional sentence.'" Id.
 DISSENTING OPINION